IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU YINGSHITONG TECHNOLOGY LTD., | ) ) ) |
| Plaintiff, | ) Case No. 1:25-cv-01046 ) ) |
| v. | ) ) |
| LUTECH LTD., | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Hangzhou Yingshitong Technology Ltd. ("Plaintiff") hereby files this Complaint against Defendant Lutech Ltd. ("Defendant"), and alleges based upon information and belief as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C.§ 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

3. This action is brought under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*, and as applicable through the Berne Convention and Federal Unfair Competition under Section 43 of the Lanham Act 15 U.S.C. §1125.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois. Defendant's mobile application is available throughout the United States, and it is available on the Google Play website. Upon information and belief, consumers within the Northern District of Illinois have downloaded and have made, and are continuing to make, purchases from Defendant's mobile applications. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within the jurisdiction of Illinois.

5. Defendant transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendant maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendant directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

6. Upon information and belief, Defendant is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendant may be sued in any judicial district, including the Northern District of Illinois.

7. Defendant has consented to the venue of any Federal District Court, including the venue of the Northern District of Illinois, in accordance with a DMCA Counter-Notice submitted under 17 U.S.C. § 512(g)(3).

## II. INTRODUCTION

8. Plaintiff is forced to file this action to combat Defendant's infringement of its copyrighted in-app displays, text, text sequences, content, content sequence and the overall layout

of user interface of Plaintiff's Step Counter-Pedometer. Plaintiff has been and continues to be irreparably damaged through infringement of copyrighted work as a result of Defendant's actions and seeks injunctive and monetary relief.

### III. THE PARTIES

9. Plaintiff Hangzhou YingShiTong Technology Ltd. is a foreign company having its principal place of business in China at No. 317 Wantang Road, Xihu District, Hangzhou, Zhejiang 310000.

10. Plaintiff has been in the business of designing and creating various mobile applications and authorizes the use of those mobile applications by developer accounts, including Hitchhike Tech, on online platforms such as Google Play.

11. Defendant is a foreign entity who, upon information and belief, has a principal place of business in Vietnam at Seventh Floor, 773 Ngo Quyen St., An Hai Bac Son Tra, Da Nang City.

12. Defendant is a mobile application developer and conducts business throughout the United States, including within Illinois and in this judicial district.

13. Defendant offers a few mobile applications on the Google Play store. One of Defendant's mobile applications is "Step Counter-Pedometer Track" which is available to download by Illinois residents via Google Play website.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

14. Plaintiff is a designer and creator of various mobile applications and authorizes the use of those mobile applications by developer accounts on online platforms such as Google Play.

15. One of Plaintiff's highly successful mobile applications is titled "Step Counter-Pedometer" (hereinafter the "Mobile App") and is offered on the Google Play Store by developer account Hitchhike Tech.

16. Plaintiff spent significant resources, including research and time, in developing Plaintiff's Mobile App.

17. On August 12, 2022, Plaintiff released its Mobile App on Google Play and quickly started generating considerable user traffic, resulting in advertising income.

18. Since August 12, 2022, when Plaintiff's Mobile App was launched, Plaintiff has spent significant time, effort, and resources helping Plaintiff's Mobile App mobile application remain available to users.

19. Over the course of two and half years, Plaintiff's Mobile App has amassed hundreds of millions of downloads, over three hundred forty-eight thousand (348,000.00) reviews, and still boasts an impressive high star rating.

20. On May 19, 2023, Defendant released the infringing step counter pedometer mobile application "Step Counter-Pedometer Track" using substantially similar, if not identical, content as Plaintiff's Mobile App and targeting the same consumers on Google Play.

21. Plaintiff discovered Defendant's "Step Counter-Pedometer Track" mobile application on or about January 8, 2025.

22. A side-by-side comparison of Plaintiff's Mobile App and Defendant's "Step Counter-Pedometer Track" mobile application shows that Defendant copied the content of Plaintiff's Mobile App. *See* **Exhibit A**. The two products contain identical language excerpts and are substantially similar. *Id.*

23. On January 9, 2025, Plaintiff sent a DMCA Takedown Notice through Google Play's internal system with evidence of the copied in-app displays, text, text sequences, content, content sequence and the overall layout of user interface. *See* **Exhibit B**.

24. Google removed Defendant's "Step Counter-Pedometer Track" mobile application and confirmed the same to Plaintiff in email correspondence on January 10, 2025. *See* **Exhibit C**.

25. On January 17, 2025, Defendant submitted a DMCA Counter-Notice to Google, which was provided to Plaintiff.

26. On January 17, 2025, Google notified Plaintiff that Defendant had submitted a counter notification as described in 17 U.S.C. § 512(g). Google also advised Plaintiff that Google would reinstate the infringing "Step Counter-Pedometer Track" mobile application unless Plaintiff initiated legal action against Defendant within 10 business days from the January 17, 2025 notice. *See* **Exhibit D**.

27. Despite Defendant's deliberate copying of Plaintiff's Mobile App as evidenced in the side-by-side comparison, Defendant's Counter-Notice to Google leaves Plaintiff with no other recourse than to bring the present action against Defendant to protect Plaintiff's valuable intellectual property rights.

## COUNT I
**FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 AND 501, *et seq*.)**

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

29. Plaintiff is the creator and copyrights owner of the Mobile App.

30. Plaintiff's copyrighted Mobile App is not "United States work" within the meaning of 17 U.S.C. §101, *et seq*. and is not subject to the registration requirements under 17 U.S.C. §411(a).

31. On January 26, 2025, Plaintiff filed an application with the U.S. Copyright Office to register the original work in its Mobile App.

32. Plaintiff's copyrighted Mobile App is available to Defendant on the internet, and Defendant has access to it.

33. Defendant's infringing "Step Counter-Pedometer Track" mobile application directly copied in-app displays, text, text sequences, content, content sequence and the overall layout of user interface of Plaintiff's Mobile App.

34. Alternatively, Defendant's "Step Counter-Pedometer Track" mobile application is strikingly similar, or at the very least substantially similar, to Plaintiff's copyrighted work concerning the in-app displays, text, text sequences, content, content sequence and the overall layout of user interface as to constitute an unauthorized copying, reproduction, distribution, creation of a derivative work, or public display of Plaintiff's copyrighted work.

35. Upon information and belief, Defendant had access to Plaintiff's Mobile App and intentionally incorporated Plaintiff's copyrighted work in order to benefit from a popular mobile application that provides the same function.

36. Defendant's "Step Counter-Pedometer Track" mobile application was created and launched nearly a year after Plaintiff's Mobile App already achieved significant success.

37. Defendant's exploitation of Plaintiff's copyrighted work within Plaintiff's Mobile App for Defendant's own "Step Counter-Pedometer Track" mobile application constitutes infringement of Plaintiff's copyrights.

38. Upon information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrighted work. Defendant acted willfully, maliciously, and in conscious disregard and intentional indifference to the rights of Plaintiff.

39. Defendant's mobile application represents a clear attempt to benefit from Plaintiff's hard-earned popularity and goodwill.

40. Plaintiff did not authorize Defendant to copy the content of the copyrighted Mobile App. Therefore, Defendant unlawfully appropriated Plaintiff's protectible expression and created counterfeit from Plaintiff's valuable content.

41. Plaintiff is the owner of all rights, title, and interest in the Mobile App including its in-app displays, text, text sequences, content, content sequence and the overall layout of user interface relating to Plaintiff's Mobile App, which has never been assigned, licensed or otherwise transferred to Defendant.

42. Defendant's infringing conduct violates 17 U.S.C. §§106(1)-(3), (5) and 17 U.S.C. §501(a).

43. Plaintiff is entitled to protection of its copyrighted works through the Berne Convention for the Protection of Literary and Artistic Works, in which the United States is a signatory, along with many other countries in which Plaintiff's Mobile App was released.

44. Plaintiff's Mobile App, including the copyrighted work therein, is published on the internet and made globally available to numerous countries worldwide, including to Defendant. As such, Defendant had access to Plaintiff's Mobile App.

45. Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating Plaintiff's Mobile App including in-app displays, text, text sequences, content, content sequence and the overall layout of user interface relating to Plaintiff's Mobile App.

46. Defendant's "Step Counter-Pedometer Track" mobile application is virtually identical to, or at the very least substantially similar to the look and feel of the in-app displays,

text, text sequences, content, content sequence and the overall layout of user interface so as to infringe on Plaintiff's copyrighted work. Such conduct infringes and continues to infringe Plaintiff's copyrighted work in the Mobile App in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), (5).

47. Defendant reaps the benefits of the unauthorized copying and distribution of Plaintiff copyrighted work in the Mobile App, including its in-app displays, text, text sequences, content, content sequence and the overall layout of user interface relating to Plaintiff's Mobile App, in the form of revenue and other profits that are driven by the sale of Defendant's identical "Step Counter-Pedometer Track."

48. Defendant has unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating the unauthorized "Step Counter-Pedometer Track" mobile application that captures the total concept and feel of Plaintiff's Mobile App.

49. Upon information and belief, Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

50. Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

51. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of its copyrighted work in Plaintiff's Mobile App.

52. As a direct and proximate result of its wrongful conduct, Plaintiff has suffered and will continue to suffer actual damages in addition to Defendant profiting and continuing to profit from its wrongful conduct. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

53. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510, *et seq*.)

54. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

55. As detailed throughout this Complaint, Defendant has infringed Plaintiff's copyrighted work by using identical, or at the very least substantially similar, in-app displays, text, text sequences, content, content sequence and the overall layout of user interface as Plaintiff's Mobile App.

56. Defendant's infringement of Plaintiff's copyrights is solely for Defendant's own benefit and profit as Defendant attempts to use Plaintiff's hard-earned reputation and goodwill to boost Defendant's own later created and released "Step Counter-Pedometer Track" mobile application.

57. Defendant's acts and conduct constitute "deceptive trade practice" within the meaning of Illinois Uniform Deceptive Trade Practices Act.§510 *et seq*. Defendant's acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under Illinois law.

9

58. Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill, and Plaintiff has no adequate remedy at law. Unless Defendant is enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## COUNT III
## UNJUST ENRICHMENT

59. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

60. As a result of Defendant's actions as stated herein, Defendant has been unjustly enriched and, at the same time, is causing Plaintiff to lose revenue to Plaintiff's detriment.

61. Defendant has unjustly accepted and retained the benefit of its wrongful conduct.

62. There is no express, written contract between Plaintiff and Defendant that would allow Defendant to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

63. Plaintiff is entitled to recover from the Defendant its unjust enrichment including gains, profits, and advantages obtained as a result of its wrongful conduct. Plaintiff is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its wrongful conduct.

64. By reason of the foregoing, Plaintiff seeks damages based on Defendant's unjust enrichment in an amount to be proven at rial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff and against Defendant on all claims;

2. That pursuant to 17 U.S.C. § 502, Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with Defendant be temporarily, preliminarily, and permanently enjoined and restrained from providing, reproducing or creating derivative works of Defendant's "Step Counter-Pedometer Track" mobile application;

3. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendant's profits, such sums to be proven at trial;

4. That Defendant be ordered to pay all of Plaintiff's attorney fees and costs associated with this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a);

5. That pursuant to Illinois Uniform Deceptive Trade Practices Act.§510 *et seq.*, Plaintiff be awarded damages in an amount to be proven at trial;

6. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in any additional, yet currently unknown, amount to be determined at trial;

7. Awarding pre- and post- judgment interest; and,

8. Awarding any and all other relief that this Court deems just and proper.

Dated: January 30, 2025

Respectfully submitted,

s/ *Stephen J. Rosenfeld*
Stephen J. Rosenfeld (ARDC # 6216769)
Margaret C. Redshaw (ARDC #6327480)
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
Phone: (312) 208-0111
Email: mredshaw@mcdonaldhopkins.com

Mandy Song (*pro hac vice application forthcoming*)
Gulnaz Donahue (*pro hac vice application forthcoming*)
Bayes PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
Phone: (703) 995-9887
Email: mandy.song@bayes.law
gulnaz.donahue@bayes.law

35619981.1